U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT - 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GLENDA WELCH | : | DOCKET NO. 2:08-CV-660 |
| VS. | : | JUDGE MINALDI |
| METROPOLITAN LIFE INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion For Discharge, Dismissal, and Injunctive Relief, [doc. 15], filed by the defendant and plaintiff in interpleader, Metropolitan Life Insurance Company (hereinafter "MetLife"). The plaintiff, Glenda Welch, did not file an Opposition.

## FACTS

Joseph Welch participated in an employee welfare benefit plan through his employer, The Shaw Group.[1] MetLife issued the policy, which provided both life insurance and accidental death benefits.[2] At the time of Mr. Welch's death on July 1, 2007, his total coverage was $30,000.[3] Mr. Welch did not list a beneficiary, and pursuant to the policy, when a plan participant dies without a beneficiary the benefits are payable to a spouse, child, parent, or

---

[1] Def.'s Mem. in Support of Mot. to Dismiss, at 1 [doc. 15].

[2] *Id.*

[3] *Id.* at 2.

1

sibling.[4] Mr. Welch's mother, Glenda, filed a claim to the policy on March 7, 2008.[5] On May 20, 2008, Kristi Jones filed on behalf of her minor child, Blair Michelle Welch, asserting that Blair is Mr. Welch's child.[6] Thus, MetLife received competing claims for the policy.

On April 22, 2008, Glenda Welch filed suit against MetLife in the 38th JDC.[7] On May 5, 2008, Kristi Jones was named as a plaintiff via the first supplemental and amending petition.[8] On May 14, 2008, MetLife removed this action to the Western District of Louisiana on the basis of federal question jurisdiction.[9] MetLife filed an Answer and Interpleader, admitting it owed $30,000. MetLife deposited $30,472.20 into the Registry of the Court, stated that it is "wholly disinterested" in the outcome of this litigation, and now moves to be discharged from this interpleader action and seeks an injunction from further legal action being filed in another court in this matter.

## ANALYSIS

"A prerequisite to filing an interpleader action is that there must be a single, identifiable fund. The legislative purpose of an interpleader action is to remedy the problems posed by multiple claimants to a single fund, and to protect a stakeholder from the possibility of multiple claims on a single fund." *Rhoades v. Casey*, 196 F.3d 592, 600 n.8 (5th Cir. 1999). This was a

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] Compl. [doc. 1-1].

[8] Response to Removal Order [doc. 6].

[9] Notice of Removal [doc. 1].

2

proper interpleader action because there is a single, identifiable fund with multiple claimants. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because the employee welfare benefit plan is governed by ERISA, 29 U.S.C. § 1001 *et seq.* MetLife brought this interpleader action pursuant to Fed. R. Civ. P. 22, and thus this matter is a "rule" interpleader action.

In a Rule 22 interpleader action, the plaintiff interpleader may be discharged when the interpleader is a disinterested stakeholder, has deposited all funds at issue in the court's registry, and makes no claim to the funds deposited. *See Kinsey v. Am. Underwriters Life Ins. Co.*, 2008 WL 2812966, *3 (W.D. La. 06/24/08). Here, MetLife claims it is a disinterested shareholder because it has conceded liability and has no interest in the litigation, has deposited all funds at issue in the court's registry, and makes no claim to the funds deposited. Moreover, neither Glenda Welch nor Kristi Jones filed an Opposition; accordingly, this Court discharges MetLife.

MetLife also seeks an injunction restraining the parties from pursuing claims against MetLife in another court in this matter. Pursuant to the All Writs Statute, 28 U.S.C. § 1651, a federal court may issue an injunction preventing the parties from pursuing the same matter in another federal court. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998). A federal court may also issue an injunction restraining the parties from pursuing claims in a state court pursuant to an exception in the Anti-Injunction Act. *See, e.g., General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 707 (7th Cir. 1991); accordingly,

IT IS ORDERED that MetLife's Motion For Discharge, Dismissal, and Injunctive Relief, [doc. 15], is hereby GRANTED and MetLife is dismissed with prejudice;

IT IS FURTHER ORDERED that Glenda Welch and Kristi Jones are restrained from

instituting any action or proceeding in any state or federal court to recover the funds at issue that are deposited in this Court's registry; and

IT IS FURTHER ORDERED that the monies deposited into the registry of this court by MetLife shall remain in the registry of this court pending the outcome of this action as among and between the defendants in interpleader.

Lake Charles, Louisiana, this __6__ day of __Oct__, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE